UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY ALLEN KEENER, | ) | CASE NO. 1:25 CV 1830 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| CROSS COUNTRY MORTGAGE, LLC, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

*Pro se* plaintiff Jeffrey Allen Keener, currently incarcerated at Allen-Oakwood Correctional Institution, filed this complaint against Cross Country Mortgage, LLC, Ronald Leonhardt, Jr., and Ilya Palatnik. (Doc. No. 1). Plaintiff also filed an application to proceed *in forma pauperis*. (Doc. No. 2). The application is granted, but for the following reasons, the action is dismissed.

**I. Background**

Plaintiff's complaint consists largely of fragmented sentences and disjointed and obscure allegations. He claims that a "no named assailant" assaulted him; "screen mirrored/hacked phone wouldn't allow [Plaintiff] to hang up phone after important call"; "FB Messenger - Random Profile"; "Paid [Plaintiff's] ex-fiance/escort $75,000 to befriend 3 other females willing

to attest to this behavior"; "Stripper escort ... paid AA friend on 12 step call"; and Plaintiff was assaulted by friends and former employees of Goldwater Bank and Cross Country Mortgage, LLC. (Doc. No. 1-1). And he identifies the following causes of action: (1) assault in violation of Ohio Revised Code §§ 2903.11 and 2903.13; (2) telecommunications harassment and harassment in violation of Ohio Revised Code § 2917.21; (3) bribery in violation of Ohio Revised Code § 2921.02; and (4) defamation.

Plaintiff seeks $300,000,000 in damages.

## II. Standard of Review

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). The Court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The factual allegations in the pleading must be sufficient to

raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations but must provide more than "an unadorned, the Defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

### III. Discussion

Federal courts are courts of limited jurisdiction and, unlike state trial courts, they do not have general jurisdiction to review all questions of law. *See Ohio ex rel Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Rather, federal courts have only the authority to decide cases that the Constitution and Congress have empowered them to resolve. *Id.*; *Hamama v. Adducci*, Nos. 17-2171, 18-1233, 912 F.3d 869, 874 (6th Cir. 2018) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541, 106 S.Ct. 1326, 89 L.Ed.2d 501 (1986)). It is therefore presumed "that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391(1994) (internal citation omitted).

Generally, the Constitution and Congress have given federal courts authority to hear a case only where diversity of citizenship exists between the parties or where the case raises a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987). The first type of federal jurisdiction, diversity of citizenship, applies to cases of

sufficient value between "citizens of different states." 28 U.S.C. § 1332(a)(1). To establish diversity of citizenship, a plaintiff must establish that he or she is a citizen of one state and all of the defendants are citizens of others. The citizenship of a natural person equates to his domicile. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir.1990). The citizenship of a business depends on the type of business. A corporation is a citizen of both its states of incorporation and the state where it maintains its principal place of business. 28 U.S.C. § 1332(c)(1). Limited liability companies and partnerships have the citizenship of each partner or member. *Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009). A plaintiff in federal court has the burden of pleading sufficient facts to support the existence of the Court's jurisdiction. *Walker v. Phelps*, No.4:23 CV 2385, 2024 U.S. Dist. LEXIS 39679, *4 (N.D. Ohio Mar. 7, 2024) (citing Fed.R.Civ.P. 8). In a diversity action, the plaintiff must state the citizenship of all parties so that the existence of complete diversity can be confirmed. *Washington v. Sulzer Orthopedics, Inc.*, No. 03-3350, 2003 U.S. App. LEXIS 19392, 2003 WL 22146143, at *1 (6th Cir. Sept. 16, 2003). When the plaintiff merely states the residence of the parties, but not their citizenship, he or she has not met the burden of establishing diversity of citizenship jurisdiction and the Court must dismiss the suit. *Prime Rate Premium Fin. Corp., Inc. v. Larson*, 930 F.3d 759, 765 (6th Cir. 2019).

The second type of federal jurisdiction relies on the presence of a federal question. This type of jurisdiction arises where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983).

Diversity of citizenship does not exist in this case. Plaintiff does not indicate the citizenship of any of the parties. On that basis alone, he fails to establish diversity of citizenship. Moreover, to have diversity of citizenship, all of the defendants must be citizens of different states than the plaintiff. Plaintiff lists his address as Lima, Ohio. He also lists the address of one of the defendants, Ilya Palatnik, as Cleveland, Ohio. Even if the Court could consider the addresses of the parties as an indication of citizenship, diversity of citizenship would not be complete. Federal jurisdiction cannot be based on diversity of citizenship.

Therefore, if federal jurisdiction exists in this case, it must be based on a claimed violation of federal law. In determining whether a claim arises under federal law, the Court looks only to the "well-pleaded allegations of the Complaint and ignores potential defenses" a defendant may raise. *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007). Although the well-pleaded-complaint rule focuses on what Plaintiff alleges, it allows the Court to look past the words of the complaint to determine whether the allegations ultimately involve a federal question. *Ohio ex rel. Skaggs*, 549 F.3d at 475. In addition to causes of action expressly created by federal law, federal-question jurisdiction also reaches ostensible state-law claims that: (1) necessarily depend on a substantial and disputed federal issue, (2) are completely preempted by federal law or (3) are truly federal-law claims in disguise. *See Mikulski*, 501 F.3d at 560; *City of Warren v. City of Detroit*, 495 F.3d 282, 286 (6th Cir. 2007).

Here, even with the benefit of liberal construction afforded a *pro se* litigant, Plaintiff failed to properly identify any federal question in this case. He lists causes of action for assault in violation of Ohio Revised Code §§ 2903.11 and 2903.13, telecommunications harassment and harassment in violation of Ohio Revised Code § 2917.21, bribery in violation of Ohio Revised

-5-

Code § 2921.02, and defamation. All of these causes of action arise, if at all, under state law. Therefore, subject matter jurisdiction cannot be based on a federal question.

### IV. Conclusion

Accordingly, the Court GRANTS Plaintiff's application to proceed *in forma pauperis* (Doc. No. 2), DENIES Plaintiff's "motion of discovery" (Doc. No. 5), and DISMISSES the action pursuant to 28 U.S.C. §1915(e) for lack of subject matter jurisdiction.

Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

10/22/2025

**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**